# EXHIBIT B

4/15/24

CLERK OF THE COURT
Kim Plummer
115 N. Bridge, Room 330
Victoria, Texas 77901

ORIGINAL
PLEASE RETURN

ATTORNEY REQUESTING ISSUANCE
Joshua Estes
1708 Thompson Road
Richmond, Texas 77469

# THE STATE OF TEXAS
# CITATION

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at texaslawhelp.org.

**TO: HOME DEPOT U.S.A., INC, MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218 OR WHEREVER THEY MAY BE FOUND,**

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 377th Judicial District Court of Victoria County, Texas, at the Courthouse of said County in Victoria, Texas.

Said Plaintiff's petition was filed in said Court, on the 11th day of April, 2024 in this case numbered **24-04-90980-D** on the docket of said court, and styled,

CASSANDRA PERALES
VS.
HD DEVELOPMENT OF MARYLAND INC AND HOME DEPOT U.S.A., INC

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Victoria, Texas, this the 12th day of April, 2024.

TEXAS ★ DISTRICT COURT OF VICTORIA COUNTY

KIM PLUMMER
District Clerk
Victoria County, Texas

Signed: 4/12/2024 3:55:55 PM

By: Crystal Vasquez
Deputy

Rule 106: "--the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Cause #24-04-90980-D 377th Judicial District Court
CASSANDRA PERALES VS. HD DEVELOPMENT OF MARYLAND INC AND HOME DEPOT U.S.A., INC

**Address for service: HOME DEPOT U.S.A., INC, MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218 OR WHEREVE THEY MAY BE FOUND**

OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the ________ day of __________________, 20___ at __________ o'clock ______.M. and executed in ____________________ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petitioner's petition, the following times and places, to wit:

| Name | Date | Time | Place, Course and Distance from Courthouse |
|---|---|---|---|
| | | | |

And not executed as to the defendant(s) ______________________________

the diligence used in finding said defendant(s) being: ______________________________

and the cause of failure to execute this process is: ______________________________

can the information received as to the whereabouts of said defendant(s) being: ______________________________

FEES - - Serving $ __________ ______________________________, Sheriff

______________________________ County, Texas

By: ______________________________ Deputy

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is ______________________________ (First, Middle, Last), my date of birth is __________, and my address is ______________________________ (Street, City, Zip).

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in ______________________ County, State of ______________________, on the _____ day of ____________________, 20____.

______________________________
Declarant/Authorized Process Server

______________________________
(ID # and Expiration of certification)

CLERK OF THE COURT
Kim Plummer
115 N. Bridge, Room 330
Victoria, Texas 77901

ATTORNEY REQUESTING ISSUANCE
Joshua Estes
1708 Thompson Road
Richmond, Texas 77469

**THE STATE OF TEXAS**
**CITATION**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at texaslawhelp.org.

**TO: HOME DEPOT U.S.A., INC, MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218 OR WHEREVER THEY MAY BE FOUND,**

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 377th Judicial District Court of Victoria County, Texas, at the Courthouse of said County in Victoria, Texas.

Said Plaintiff's petition was filed in said Court, on the 11th day of April, 2024 in this case numbered **24-04-90980-D** on the docket of said court, and styled,

CASSANDRA PERALES
VS.
HD DEVELOPMENT OF MARYLAND INC AND HOME DEPOT U.S.A., INC

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Victoria, Texas, this the 12th day of April, 2024.

DISTRICT COURT OF VICTORIA COUNTY TEXAS

KIM PLUMMER
District Clerk
Victoria County, Texas

Signed: 4/12/2024 3:55:55 PM

By: Crystal Vasquez
Deputy

Rule 106: "--the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Cause #24-04-90980-D 377th Judicial District Court

CASSANDRA PERALES VS. HD DEVELOPMENT OF MARYLAND INC AND HOME DEPOT U.S.A., INC

**Address for service: HOME DEPOT U.S.A., INC, MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218 OR WHEREVE THEY MAY BE FOUND**

OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the ________ day of __________________, 20___ at __________ o'clock ______.M. and executed in _____________________ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petitioner's petition, the following times and places, to wit:

| Name | Date | Time | Place, Course and Distance from Courthouse |
|---|---|---|---|
| | | | |

And not executed as to the defendant(s) ______________________________________________

the diligence used in finding said defendant(s) being: ____________________________________

and the cause of failure to execute this process is: ______________________________________

can the information received as to the whereabouts of said defendant(s) being: ______________

FEES - - Serving $ __________ ______________________________, Sheriff

______________________________ County, Texas

By: ______________________________ Deputy

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is ______________________________ (First, Middle, Last), my date of birth is __________, and my address is ____________________________________________________________ (Street, City, Zip).

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _______________________ County, State of _______________________, on the _____ day of ____________________, 20____.

________________________________________
Declarant/Authorized Process Server

________________________________________
(ID # and Expiration of certification)

Filed 4/11/2024 10:38 AM
Kim Plummer
District Clerk
Victoria County, Texas
By: Laura Leah Dolezal

CAUSE NO. 24-04-90980-D

| | | |
|---|---|---|
| CASSANDRA PERALES<br>*Plaintiff,*<br><br>v.<br><br>HD DEVELOPMENT OF MARYLAND, INC. and HOME DEPOT U.S.A., INC.<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>________ JUDICIAL DISTRICT<br><br><br>VICTORIA COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONOROABLE JUDGE OF THIS COURT:

COMES NOW, CASSANDRA PERALES, hereinafter referred to as "Plaintiff," in the above entitled and numbered cause, complaining of and against **HD Development of Maryland, Inc. and HOME DEPOT U.S.A., INC.** hereinafter "Defendants," or "Home Depot" and for cause of action would show the following unto the Court:

## A. DISCOVERY CONTROL PLAN

1. Plaintiff intends that this case be conducted in accordance with a Level 3 Discovery Control Plan, pursuant to Texas Rule of Civil Procedure 190.4.

## B. THE PARTIES

2. Plaintiff, CASSANDRA PERALES, is an individual who can be contacted through the undersigned attorney. The last three numbers of CASSANDRA PERALES driver's license numbers are 389. The last three numbers of CASSANDRA PERALES social security number are 159.

3. Defendants, HD Development of Maryland, Inc. is a foreign for-profit business and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 or wherever they may be found. Service of said Defendants as described above can be affected by certified

mail, return receipt requested and/or by any other means as allowed by Texas Rules of Civil Procedure.

3.1 Defendants, HOME DEPOT U.S.A., INC. is a foreign for-profit business and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 or wherever they may be found. Service of said Defendants as described above can be affected by certified mail, return receipt requested and/or by any other means as allowed by Texas Rules of Civil Procedure.

## C. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court. Although Plaintiff has extreme trust and confidence with a Jury of Plaintiff's peers as to a fair and just amount of damages in this matter, Plaintiff is required to plead a specified amount of damages or be subject to the threat by the Defendants and their insurance company to seek Court intervention. Accordingly, although Plaintiff leaves the amount of damages to a Jury of Plaintiff's peers, and subsequent to the verdict, and being allowed to submit any necessary trial amendment, Plaintiff would show the Court and Jury that due to the negligence of defendants and the reprehensible conduct of their insurance carrier in refusing to reasonably and adequately resolve this matter without forcing litigation before a jury, Plaintiff seeks monetary relief over two hundred thousand dollars ($250,000.00), but not more than one million dollars ($1,000,000), exclusive of other lawful amounts above and beyond the verdict.

5. The Court has jurisdiction over Home Depot because they committed a tort in Texas and have sufficient and systematic contact with this jurisdiction to establish personal jurisdiction over Home Depot.

5.1 The incident made the basis of the suit occurred in Victoria, Victoria County, Texas. As a result, venue is proper in Victoria County, Texas.

## D. FACTS

6. The subject matter of this suit is an incident that occurred in or on the Defendants' premises, which they either owned, managed, or controlled, located at 6708 Zac Lentz Pkwy, Victoria, Texas 77904

6.1 On or about June 7, 2022, CASSANDRA PERALES was an employee of the Victoria Pain & Rehabilitation Center located on lot 2 of the Victoria Shopping Center Plat, a site pad just next to the Home Depot Premises. On that day she parked in the parking lot owned by Home Depot, as instructed by her boss and such use agreed upon by Home Depot, and walked to her place of work. As she was walking across a grassy median the grass she stepped into a hole that was covered with sod, obscuring the hole, essentially a "tiger trap." She stepped onto the hole causing her to fall and sustain injuries.

7. Defendants and owners of the parcels of the Victoria Shopping Center had previously granted each other reciprocal access easements for "pedestrian traffic" "upon, over and across the curb cuts, roadways, driveways, aisles, walkways and sidewalks located on the parcels" for the benefit of the "customers, employees, agents, and/or business invitees thereof" and the mutual benefit of the "Owners of the Parcels."

7.1 The Defendant were responsible for providing a safe area for the Plaintiff, an invitee, at the time of the fall, due to the reciprocal access easements granted between the parcels.

7.2 Home Depot and/or its agents removed a bush from that grassy median and failed to properly fill the hole with dirt or mark it to warn individuals such as Plaintiff, creating the dangerous condition Plaintiff was injured by.

## E. NEGLIGENCE OF THE DEFENDANTS

8. Plaintiff alleges that upon the occasion in question, Defendants failed to use ordinary care, over the premises they controlled, by various acts and omissions in at least one or more of the following ways:

a. Failure to keep their premises reasonably safe for their customers, their tenant's customers, and the persons granted a reciprocal easement;

b. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

c. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions on areas known to regularly contain potential unreasonable dangers;

d. Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

e. Permitting a dangerous condition, of which Defendants should have reasonably been aware;

f. Failing to properly inspect and maintain the condition in question to discover the dangerous condition;

g. Failing to give warnings to Plaintiff of the unsafe condition.

h. Failing to properly fill the hole created or ensure their agents properly filled the hole after the removal of shrubbery.

8.1 Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff. The dangerous condition was not "open and obvious;" however, in the event it is found to be "open and obvious," Defendants are liable for said dangerous condition under the doctrine of "necessary use."

## F. RESPONDEAT SUPERIOR

9. At all relevant times herein, all of the agents, servants, or employees of Defendant who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment or in furtherance of the business interests of Defendants. Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendants and renders Defendants liable for all damages suffered by Plaintiff under the doctrine of *respondeat superior* and/or Defendants are vicariously liable.

## G. DAMAGES

10. As a result of the incident described above, Plaintiff has suffered severe personal injuries including physical pain, mental anguish, permanent bodily impairment, and physical disfigurement and will, with reasonable probability, continue to do so in the future by reason of the nature and severity of her injuries and disfigurement. Plaintiff has also been caused to incur medical expenses and lost wages/earning capacity in the past and will, with reasonable probability, continue to incur medical expenses and loss of earning capacity in the future.

## H. PROXIMATE CAUSE

11. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## I. PRE-EXSISTING CONDITION

12. In the alternative, Plaintiff would show that if any injury and/or condition from which she currently suffers was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendant herein.

## J. SUBSEQUENT CONDITION

13 In the alternative, Plaintiff would show that if she suffered from any subsequent injury and/or condition, then such injury and or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## K. CONTRIBUTORY NEGLIGENCE

14. Plaintiff asserts that she was not negligent in any manner contributing to the incident made the basis of this suit.

## L. TRCP 193.7

15. Pleading further, Plaintiff hereby gives actual notice to Defendant that any and all documents produced during discovery may be used against Defendant at any pre-trial proceeding and/or trial without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## M. U.S. LIFE TABLES

16. Plaintiff hereby notifies the Defendant of her intent to use the U.S. Life Tables as published by the U.S. Government in the trial of this matter.

## N. RIGHT TO AMEND

17. Plaintiff specifically reserves the right to amend these pleadings upon pretrial discovery, order of the Court, or as Counsel may agree.

## O. TEXAS RULE OF CIVIL PROCEDURE 28

18. Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiffs moves that any partnership, unincorporated association, private corporation or individual doing business under an assumed name substitute a true and correct name.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be duly cited to appear and answer herein and that, upon final trial of this cause, that Plaintiff recover judgment against the Defendants for Plaintiff's damages, for costs of court, for pre- and post-judgment interest as provided by law, and for such other further relief, both general and special, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

THE ESTES LAW FIRM, P.C.

/s/ Joshua A. Estes
By: Joshua Estes
Texas bar No. 24043651
716 S. Union Street
Richmond, Texas 77469
Tel. (281) 238-5400
Fax. (281) 238-9964
JoshuaEstes@estespc.net
*Attorney for Plaintiff*

Filed 5/8/2024 2:26 PM
Kim Plummer
District Clerk
Victoria County, Texas
By: Laura L Magana

CAUSE NO. 24-04-90980-D

| | | |
|---|---|---|
| CASSANDRA PERALES, Plaintiff, | § § § | IN THE DISTRICT COURT |
| VS. | § § | 377TH JUDICIAL DISTRICT |
| HD DEVELOPMENT OF MARYLAND, INC. AND HOME DEPOT U.S.A., INC., Defendants. | § § § | VICTORIA COUNTY, TEXAS |

**DEFENDANTS HD DEVELOPMENT OF MARYLAND, INC. AND HOME DEPOT U.S.A., INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE:

COMES NOW Defendants HD Development of Maryland Inc. (incorrectly named) and Home Depot U.S.A., Inc. ("Defendants" herein), and files this their Original Answer to Plaintiff's Original Petition and would respectfully show unto the Court as follows:

## I.
## GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants hereby enter a general denial, and demand that Plaintiff be required to prove her allegations by a preponderance of the evidence.

## II.
## AFFIRMATIVE DEFENSES

2. By way of affirmative defense, Defendants affirmatively allege that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3. Defendants assert the doctrine of comparative causation, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

4. Defendants assert the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendants request the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

5. Defendants are entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

6. Defendants are not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

7. Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

8. Defendants allege that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendants have no liability.

9. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendants assert the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

10. To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendants, Defendants are entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

11. Defendants are entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendants contend that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

12. Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

13. Defendants allege that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

14. The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendants' own creation.

15. Defendants state that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendants have no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

16. In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendants affirmatively plead that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

17. Defendants assert the defense of unavoidable accident. The damages Plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

18. The alleged condition complained of by Plaintiff was open and obvious to a reasonably prudent person and therefore the Plaintiff either knew or should have known of any alleged deficiencies in the subject property and accepted the same with such knowledge. As a result, Plaintiff's recovery should be barred.

## III.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants HD Development of Maryland, Inc. and Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendants be

dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

Gordon Rees Scully Mansukhani
By: /s/ *Troy D. Helling*
**TROY D. HELLING**
State Bar No. 24007340
thelling@grsm.com
**AMY WELBORN**
State Bar No. 24012853
awelborn@grsm.com
**TAYLOR R. YETTER**
State Bar No. 24102672
tyetter@grsm.com

2705 Bee Caves Road, Suite 220
Austin, Texas 78746
(512) 391-0197
(512) 391-0183 (Fax)
-AND-
2200 Ross Ave., Suite 3700
Dallas, TX 75201
(214) 231-4660
(214) 461-4053 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 8th day of May, 2024.

Joshua Estes
The Estes Law Firm, P.C.
716 S. Union St.
Richmond, Texas 77469
Phone: (281) 238-5400
Fax: (281) 238-9964
joshuaestes@estespc.net

/s/ *Troy D. Helling*
**TROY D. HELLING**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anna Ortiz on behalf of Taylor Yetter
Bar No. 24102672
aortiz@grsm.com
Envelope ID: 87521506
Filing Code Description: Answer/Response/Waiver
Filing Description: Defendants' Original Answer
Status as of 5/8/2024 2:33 PM CST

Associated Case Party: Cassandra Perales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joshua Estes | | joshuaestes@estespc.net | 5/8/2024 2:26:46 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy CWelborn | | awelborn@grsm.com | 5/8/2024 2:26:46 PM | SENT |
| Taylor Yetter | | tyetter@grsm.com | 5/8/2024 2:26:46 PM | SENT |
| Elizabeth Romero | | eromero@grsm.com | 5/8/2024 2:26:46 PM | SENT |
| Anna Ortiz | | aortiz@grsm.com | 5/8/2024 2:26:46 PM | SENT |
| Cynthia Givens | | cgivens@grsm.com | 5/8/2024 2:26:46 PM | SENT |
| Marisol  Mendiola | | mmendiola@grsm.com | 5/8/2024 2:26:46 PM | SENT |

Associated Case Party: HD Development of Maryland Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Troy Helling | | thelling@grsm.com | 5/8/2024 2:26:46 PM | SENT |

Associated Case Party: Home Depot U.S.A., Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Troy Helling | | thelling@grsm.com | 5/8/2024 2:26:46 PM | SENT |